SHALINI DOGRA, SBN 309024
**DOGRA LAW GROUP PC**
777 South Alameda St., Second Floor
Los Angeles, CA 90021
Telephone:(747) 234-6673
Facsimile: (310) 868-0170

Attorney for Plaintiff
GERARDO ZARAGOZA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ZARAGOZA, an Individual; <br><br> Plaintiff, <br><br> v. <br><br> SIEMENS INDUSTRY INC., a Delaware Corporation; and DOES 1 through 50, Inclusive, <br><br> Defendants. | Case No: <br><br> **COMPLAINT FOR** <br><br> **(1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br> **(2) VIOLATION OF FMLA and CFRA** <br> **(3) DISCRIMINATION IN VIOLATION OF FEHA** <br> **(4) FAILURE TO ENGAGE IN INTERACTIVE PROCESS** <br> **(5) FAILURE TO ACCOMMODATE A DISABILITY** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff GERARDO ZARAGOZA ("Plaintiff"), as an individual, requests a trial by jury, and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who, at all times relevant to this action, resided in the County of Los Angeles, State of California.

2. Plaintiff is informed, believes and thereupon alleges that Defendant SIEMENS INDUSTRY INC. (hereafter "Defendant Siemens") is a Delaware Corporation, with corporate headquarters located 100 Technology Drive, Alpharetta, Georgia 30005, lawfully doing substantial

business in County of Los Angeles, State of California, and was Plaintiff's employer at all times relevant herein.

3. Defendants were at all times herein mentioned, (a) conducting business in the County of Los Angeles, State of California; (b) the employer of Plaintiff consistent with California Labor Code and Industrial Welfare Commission Wage Orders; and (c) Plaintiff's employer as defined under Government Code §12926(c).

4. The acts alleged herein arose in Los Angeles, within the State of California.

5. Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. The Doe defendants may be individuals, partnerships or corporations. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of each of the other defendants and was at all times mentioned, acting within the scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Doe defendants 1 through 50, and Siemens are herein collectively referred to as "Defendants."

## FACTS COMMON TO ALL CAUSES OF ACTION

6. By this reference, Plaintiff alleges and incorporates herein, each and every allegation set forth in all previous paragraphs of the Complaint.

7. Plaintiff began his employment with Defendants in September 2016. Throughout his entire tenure, Plaintiff worked at Defendants' Pomona location, which employed approximately 100 to 150 individuals.

8. Between approximately April 2 and April 5, 2018, Plaintiff was ordered to take time off work by physician assistant Vincent Connell, due to the medical condition of his neck and shoulders.

9. Plaintiff returned to work on or about April 6, 2018. He was again ordered to take time off from April 10 to April 13, 2018, by physician assistant Ami Patel, due to the continuing neck and shoulder injury.

10. On approximately April 16, 2018, Plaintiff was placed on modified work duty by Ami Patel, and allowed to return to work with restrictions for the medical condition of his neck and shoulders. Defendants blatantly ignored Plaintiff's work restrictions and requested medical accommodations. Consequently, on or about April 21, 2018, Dr. Daniel Samano had to again place Plaintiff on modified work duties.

11. Between April and June 2018, Plaintiff consistently kept Defendants notified of his medical restrictions and ordered days off work. Plaintiff regularly updated Defendants by hand delivering his doctors' notes, and also by emailing them directly to his supervisor, Mr. Mark Shelton.

12. In response, Defendants completely failed to respond to Plaintiff's requests, or engage in any interactive process. Defendants had notice of Plaintiff's modified work duties and yet made no effort to engage in the interactive process or provide reasonable accommodation. Instead, they forced him to take leave from work.

13. In April of 2018, Plaintiff requested FMLA leave due the medical condition of his neck and shoulders. Initially, Defendants completely rejected Plaintiff's request, even though he had available FMLA leave. In turn, Plaintiff re-submitted his request for FMLA leave, and Defendants completely failed to respond. Ultimately, Plaintiff was forced to request FMLA leave and submit his necessary paperwork at least three times. Defendants undoubtedly received Plaintiff's request, as he had emailed it to Mr. Shelton. Additionally Defendant itself acknowledged receipt of the request in a May 5th letter to Plaintiff.

14. On approximately May 30, 2018, Defendants terminated Plaintiff's employment. Astonishingly, in the termination letter to Plaintiff, Defendants stated that he was being discharged due to his absences in April 2018. That is, Defendants knowingly discharged Plaintiff for taking time off work due to his medical condition.

//

**FIRST CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy Against All Defendants)**

15. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

16. Siemens violated the Fair Employment and Housing Act (FEHA), California Government Code §12940 *et seq.*, by wrongfully terminating Plaintiff's employment because of his disability.

17. The aforementioned acts of Siemens constitute a wrongful termination in violation of public policy.

18. As a proximate result of Siemens' wrongful conduct, Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish, and emotional and physical distress, on account of which Plaintiff is entitled to compensatory damages. His sum of resulting damages has yet to be ascertained. When the exact amount of said damages is ascertained, Plaintiff will seek leave of this court to amend this Complaint accordingly, or will prove the same at the time of trial.

19. As more fully set forth above, the acts of Siemens were intentional, malicious, wanton, oppressive, and fraudulent, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Siemens.

**SECOND CAUSE OF ACTION**

**(Violation of FMLA and CFRA Against All Defendants)**

20. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth and herein.

21. Under the Fair Employment and Housing Act ("FEHA"), Government Code § 12940 *et seq.,* and more specifically, the California Family Rights Act (CFRA), it is an unlawful employment practice for an employer to refuse to grant a request by any employee to take up to 12 workweeks in any 12-month period for family and medical leave. It is an unlawful employment

practice for the employer to fail to guarantee, to each employee taking family or medical leave employment in the same or comparable position at the end of the family or medical leave. It is an unlawful employment practice for any employer to refuse to hire, to discharge, fine, suspend, expel, discriminate or harass an employee because of an employee's exercise of the right to family care and medical leave.

22. At all times mentioned in this Complaint, Defendants were employers and employed more than 50 employees in a 75-mile radius of Plaintiff's place of work.

23. Under the Federal Medical Leave Act (FMLA), United States Code §2601 et seq., an employee must be given 12 workweeks of leave during any 12-month period for the birth of a son or daughter.

24. Plaintiff's protected status under the FEHA is Plaintiff's exercise of and/or attempts to exercise family and/or medical leave rights, and/or Plaintiff giving information and/or testimony in an inquiry and/or proceedings related to rights guaranteed under the California Family Rights Act. Plaintiff complied with all applicable notice requirements, if any, of Defendants, and the California Family Rights Act.

25. Defendants knew, perceives and/or believed that Plaintiff had the aforementioned protected status, described herein above.

26. Defendants failed and refused to comply with the California Family Rights Act, as described herein above. Defendants failed to guarantee Plaintiff's employment in the same or comparable position at the end of family or medical leave; and/or refused to hire, discharged, fined, suspended, expelled, demotes, constructively discharged, refused to promote, failed to reinstate, discriminated against and/or harassed Plaintiff because of Plaintiff's exercise of and/or attempts to exercise family and/or medical leave rights and/or because of Plaintiff's giving information and/or testimony as to Plaintiff's family and medical leave in an inquiry and/or proceedings related to rights guaranteed under the California Family Rights Act.

27. Plaintiff's exercise of, attempts to exercise and/or cooperation in providing information for family and medical leave was a motivating factor in Defendants' aforementioned decisions that were adverse to Plaintiff. Plaintiff's exercise of, attempts to exercise and/or

cooperation in providing information for family and medical leave was a motivating factor in Defendants'' aforementioned decisions to actually refuse to hire Plaintiff; refuse to employ Plaintiff, failure to reinstate Plaintiff, failure to guarantee Plaintiff's employment in the same or similar position after family and medical leave, discriminate against Plaintiff, fine Plaintiff, suspect Plaintiff, and/or harass Plaintiff.

28. Defendants knew Plaintiff had been placed off work for six days due to the condition of his neck and shoulder. Defendants failed to comply with the Federal Family Medical Leave Act by refusing to grant Plaintiff time off in April 2018.

29. As a direct, legal, and proximate cause of Plaintiff's aforementioned protected status, Defendants discriminated and harassed Plaintiff by engaging in the course of conduct set forth in the General Allegations and all paragraphs states above, amongst other things.

30. As a result of Defendants' above referenced discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

31. As more fully set forth above, Defendants above referenced discrimination, harassment, and retaliation was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud and malice, as described by California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

///

///

///

# THIRD CAUSE OF ACTION

**(Disability Discrimination in Violation of FEHA Against All Defendants)**

32. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

33. Plaintiff was at all times hereto "an employee" within the meaning of California Government Code §§ 1926 (c) and 12940 (a) and (c), which prohibit disability discrimination in employment.

34. Defendants were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of Code §§ 12940 (a) and (c), and as such, were barred from discriminating in employment decisions on the basis of disability, as set forth in California Government Code § 12940.

35. Defendants have discriminated against Plaintiff on the basis of his medical condition and physical disability, in violation of California Government Code §§ 12940 (a) and (c) Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations and all paragraphs stated above.

36. As a result of Defendants' unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; an (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

37. As more fully set forth above, the disability discrimination by Defendants was committed maliciously, intentionally, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code §3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## FOURTH CAUSE OF ACTION

### (Denial of Good Faith Interactive Process Against All Defendants)

38. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

39. Plaintiff was at all timers hereto an 'employee" within the meaning of California Government code §12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability/mental condition harassment/discrimination in employment.

40. Defendants were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of Government Code §§ 12940(a) and (c) and, as such, was barred from discrimination/harassment of Plaintiff on the basis of disability, perceived disability, or medical condition possessed or through to be possessed by employee, as set forth in California Government Code §12940.

41. At times of Plaintiff's employment with Defendants, he was suffering from a condition that substantially limits his major life activities.

42. Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for a reasonable accommodation, Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodation in violation of California Government Code §12940(n).

43. As a result of Defendants' failure to engage in the interactive process of accommodation of his known disabilities, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

44. As more fully set forth above, Defendants' failure to engage in the interactive process to accommodate Plaintiff's known disabilities was committed intentionally, maliciously, wantonly,

oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud and malice, as described by California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

### FIFTH CAUSE OF ACTION

**(Failure to Accommodate a Disability Against All Defendants)**

45. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

46. Plaintiff was at all timers hereto an 'employee" within the meaning of California Government code §12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability/medical condition harassment/discrimination in employment.

47. Defendants were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code §§ 129490(a) and (c) and, as such, was barred from discriminating against Plaintiff on the basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code § 12940.

48. At the time of Plaintiff's employment with Defendants, he was suffering from a condition that substantially limits his major life activities.

49. Despite having knowledge of Plaintiff's condition, Defendants failed to provide Plaintiff with a reasonable accommodation for the above condition.

50. As a proximate result of Defendants' failure to accommodate Plaintiff's known health conditions, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

51. As more fully set forth above, Defendants' failure to accommodate Plaintiff's known serious health conditions was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as descried by California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For such general, special and compensatory, actual and liquidated damages in amounts to be proven at the time of trial;
2. For punitive and exemplary damages in amounts to be proven at the time of trial;
3. For reasonable attorneys' fees under the FEHA (California Government Code Section 12965(b)) and all related statutes, including Cal. Code of Civil Procedure § 1021;
4. For costs of suit incurred herein;
5. For pre- and post-judgement interest at the maximum legal rate on all amounts claims; and
6. For sure other and further relief as the Court may deem just and proper.

Dated:     March 28, 2019          **DOGRA LAW GROUP PC**

By: _/s/ Shalini Dogra_____
SHALINI DOGRA, ESQ.
Attorney for Plaintiff
GERARDO ZARAGOZA

## DEMAND FOR JURY TRIAL

Plaintiff GERARDO ZARAGOZA hereby demands a jury trial for the causes of action set forth herein.

Dated:     March 28, 2019         **DOGRA LAW GROUP PC**

                          By: _____
                              SHALINI DOGRA, ESQ.
                              Attorney for Plaintiff
                              GERARDO ZARAGOZA